HARRISON & McGEHEE, plaintiff in error, vs. J. S. POWELL, defendant in error.

[1.] The Court may withdraw a charge at the instance of the party in whose favor it is made.

[2.] Where there is conflicting and contradictory evidence as to the value or worth of a slave by reason of his unsoundness, and the jury adopt an average as the measure of their verdict, the finding is not illegal on that account.

Covenant in Muscogee Superior Court. Tried before Judge WORRILL, at November Term, 1858.

This was an action of covenant brought by Joseph T. Powell, against Harrison & McGehee, to recover damages for the breach of the covenant of warranty of soundness of a negro sold by defendants to plaintiff.

The facts of the case are fully stated in the opinion of the Court.

The jury found for the plaintiff $460. 27.

Defendants moved for a new trial upon the following grounds:

1st. Because the Court erred in withdrawing from the jury, upon application of plaintiff's counsel, the charge, that they might, if the evidence authorized it, find for the plaintiff the consideration money with interest: in other words, in allowing the plaintiff to abandon a *recision* of the contract.

2d. Because the verdict was contrary to law.

3d. Because the verdict was contrary to the evidence.

4th. Because the verdict was wholly unauthorized by the evidence.

The Court refused the motion for a new trial and defendants excepted.

HOLT & HUTCHINS, for plaintiffs in error.

WELLBORN, JOHNSON & SLOAN, *contra.*

Harrison & McGehee vs. Powell.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Powell bought of Harrison & McGehee in Oct., 1855, three negro men, for which he paid $3,100, taking a warranty of soundness. One of the three was Frank, the subject of this suit, valued in the trade at $1,100, and worth that, no doubt, if sound. Powell, the purchaser being satisfied that the boy was unsound, offered to rescind the contract, and return the negro sometime during the year 1856. The defendants declined taking him back, and this action is brought to recover damages for a breach of the warranty of soundness. There were some fourteen or fifteen witnesses examined altogether, one portion, including the examining physician, proving that the negro was so badly diseased, and chronically so at that, as to render him valueless. The rest, and among them Dr. Billing, testifying that the disease was gleet, which could have been cured for ten or fifteen dollars. He admits however, that if the symptoms as seen upon the examination of Dr. Butt, were true, the disease must have been chronic.

Upon the whole, after a careful examination of the testimony, we may say, that the weight of it, is not strongly and decidedly against the verdict. Indeed, taking the number of witnesses examined and the better opportunity enjoyed and more thorough examination made by the witnesses on the part of Powell, we incline to the opinion, that the strength of the proof is on his side.

[1.] Had the Court the right to withdraw a charge in favor of the plaintiff, as to the law of which he was doubtful, and upon which he was unwilling to risk his case? We think so.

The plaintiff did not put his case upon the Court's view of the law. If the defendant thought it favorable for him, he had a right to request it to be given to the jury at his instance.

[2.] Was the verdict illegal?

Counsel take it for granted, it was a compromise verdict. Most verdicts and many judgments rendered by Courts upon the law are so. That is the modification of extreme views. *Summum jus*, is rarely administered. There is no reason for supposing that the verdict was the result of lot, and found irrespective of the proof. On the contrary, it is to be inferred, that it was based upon the evidence. Not being able to give entire credence to the opinions on either side, the jury adopted the average, as the measure of damages. And this we repeat, occurs continually, where there is a contrariety of opinion as to the facts. Suppose one witness had sworn in this case, that the disease of the negro depreciated his value one half, another, his full value, and another nothing at all. Here the two extreme opinions are both against the intermediate one, and yet we take it for granted, that because it is the mean it would most likely be adopted. Or, else, the three would be added together and an average taken; and that rule no doubt was applied in this case. With political compromises, I have nothing to do. It has become fashionable to denounce them, whether wise or not, the country is divided in opinion. But this much I will say and affirm, that even the law cannot be administered but upon the principle of concession. And further, that it harmonizes and keeps together families, communities, governments, and the nations of the earth. And that the world is conducted in all its mighty interests upon this principle. Laying no claim to infallibility myself, I have lived long enough to laugh at such pretension in others. Those who are always right, yielding nothing to the conflicting opinions of others, if not the weakest, are certainly not always found among the wisest of their race.

Judgment affirmed.