THE WESTERN AND ATLANTIC RAILROAD *vs.* CLEMENTS *et al.*

1. Where the evidence is conflicting, and the verdict is approved by the presiding judge, this court will not interfere—there being evidence enough to sustain the verdict.

2. Where the presiding judge certifies that his attention was not called to verbal requests to charge, made by counsel during the argument, at the time he charged the jury, but such requests had escaped his memory and he was not reminded of them, a new trial will not be granted on account of his omission so to charge. It was the duty of counsel to remind the court of the omission, or (which is the better plan) to have put the requests in writing.

3. Where the law of the case is given substantially to the jury—including the substance of that portion of the written requests which was legal—a new trial will not be granted because the requests as a whole were not given in charge exactly as written.

New trial. Charge of court. Before Judge McCUTCHEN. Catoosa Superior Court. August Term, 1877.

Reported in the opinion.

JOHNSON & McCAMY; W. H. PAYNE; D. A. WALKER, by brief, for plaintiff in error.

SHUMATE & WILLIAMSON, by brief, for defendants.

JACKSON, Judge.

This was a suit brought by defendants in error against the railroad company, to recover for wood piled on the line of the road by its authority for its reception or rejection; the jury found for the plaintiffs and the court below declined to grant a new trial, and its refusal to grant the new trial is the error assigned in the bill of exceptions.

1. Whether the wood was on the road, within its right of way, by authority of the agents of the company, was a contested and disputed question of fact which the jury passed upon, and whether it was there burned by the negligence of

the servants and employees of the company, was also a like question of fact, and if the jury found both issues for the plaintiffs below, the law of the case is with them, and the verdict is not against the law ; and this court repeats its frequent ruling, that it will not interfere with the jury and presiding judge on the question of preponderance of testimony, when there is evidence to support the verdict. In this case there is such evidence.

2. The error alleged in refusing to charge as requested, so far as the requests were not in writing, are explained by the certificate of the judge, who states that he did not understand them as given in argument, and while he was charging his attention was not called to them. If so, it is clear that the party can take nothing by his own laches in not speaking to the judge to remind him of his requests—especially as the whole difficulty could have been obviated by putting the requests in writing.

3. The written requests to charge, in so far as they are not substantially given in the charge, set out in the record in full, were properly refused ; the case seems to have been fully and fairly put to the jury in the charge as a whole ; and the parties must abide the verdict they rendered, strengthened by the approval of the judge who presided at the trial.

Judgment affirmed.