THOMPSON vs. THE STATE OF GEORGIA.

| 60 | 619 |
|-----|-----|
| 106 | 742 |

Newly discovered evidence which would probably produce a different result, and is not cumulative, is ground for new trial, where the defendant was badly cut and confined in jail up to the time of trial, which occurred shortly after the homicide for which he was indicted, and neither he nor his counsel had earlier opportunity to know of the evidence.

Criminal law. New trial. Before Judge HALL. Butts Superior Court. September Term, 1877.

At the March term, 1877, of Butts superior court, Thompson was tried for the murder of one Mason, and found guilty of manslaughter. At the next term he moved for a new trial on the ground of newly discovered evidence, the affidavits accompanying the motion showing the facts stated in the head-note and decision. Ann Eliza Gunn was the new witness. Judge Hall, who heard the motion (though it appears that Judge Buchanan presided at the trial), overruled it, and defendant excepted.

McKIBBEN & ANDERSON, for plaintiff in error.

F. D. DISMUKE, solicitor general, by JAMES S. BOYNTON, for the state, cited 9 *Ga.*, 413; 6 *Ib.*, 276; 22 *Ib.*, 76; 12 *Ib.*, 500; 24 *Ib.*, 485.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and on his trial therefor, was found guilty of voluntary manslaughter. A motion for a new trial was made on the sole ground of newly discovered evidence, which motion was overruled, and the defendant excepted.

It appears from the evidence in the record, that the alleged offense was committed a short time before the trial, that the defendant was badly cut, and had been confined in jail up to the time of trial. The affidavit of the newly discovered

39

witness, states that she was present and saw the difficulty between deceased and defendant, and that she would swear, amongst other things, "that Tony Mason, the deceased, said to defendant: 'I got one child by your sister, and I'll be damned if I don't get another one if I can.' Defendant told deceased not to throw that up to him. Deceased said, 'By God, I am a man.' The quarrel commenced when deceased told defendant about the child. Deceased was trying very hard to get to the Thompson boys, and deceased cut defendant in the thigh before deceased was cut. The Thompson boys did not try to get to deceased until after defendant was cut by deceased. After deceased cut defendant in the thigh he tried very hard to cut him again. The whole crowd was drunk."

Assuming Ann Eliza Gunn to be a credible witness (and there is nothing in the record going to show that she is not), then her evidence upon another trial, in view of the evidence had on the former trial, might produce a different result, inasmuch as the evidence is material and is not *merely cumulative.* Besides, the judge who overruled the motion for a new trial was not the same judge who presided at the trial of the case. On the statement of facts contained in the record, a new trial is ordered.

Let the judgment of the court below be reversed.