## BARNHART & KIMBROUGH *vs.* L. & S. STERNBERGER.

1. A failure to attach a paper to the answer to a cross-interrogatory will not be a ground for rejecting the answers, where it appears that it could not have benefited the objecting party if attached; and especially so where the witness testifies that a letter such as that described in the interrogatory was never received by him.

(*a.*) The failure of a plaintiff's witnesses examined by interrogatories, to set out in detail information called for in the direct interrogatories, is no ground for rejecting the answers at the instance of the defendant; especially not where the direct interrogatory called for certain papers to be attached to the answers, and the witness testified that it was impossible to do so.

2. Where no damages can be recovered under the evidence offered to support a plea of recoupment, it is immaterial whether a charge as to the measure of damages is correct or not.

3. The verdict is supported by the evidence.

Evidence. Interrogatories. Contracts. Damages. New Trial. Before Judge LAWSON. Greene Superior Court. September Adjourned Term, 1881.

L. & S. Sternberger brought suit against Barnhart & Kimbrough for $140.00, as the purchase price of fourteen dozen " Pearl " shirts.

Defendants pleaded the general issue, and also filed a bill of recoupment, in substance, as follows: At the time they made their contract with plaintiffs the latter agreed not to sell the same sort of goods to any other person living in the same town with defendants (Greensboro, Ga.), and that the latter should have the exclusive right to sell such goods there. Relying upon this, defendants commenced the purchase of this class of goods from the plaintiffs, introduced them into the community, and were realizing a handsome profit on them, amounting to about seventy-five dollars per annum. Soon after the making of the purchase involved in this suit, plaintiffs violated their obligation, and began to sell shirts of this kind to a competing merchant in the same town. Defendants notified the plaintiffs of their breach of contract and offered to return these goods, as they did not wish them unless they could handle them exclusively. Plaintiffs assured them that the mistake should not occur again, and thereupon defendants retained and sought to sell the goods. Plaintiffs, however, continued to violate their agreement and sell to the other merchant. Defendants were, therefore, unable to sell the shirts on hand, and their trade in them was broken up. They fixed their damages at $300.00.

Counsel for plaintiffs sued out interrogatories for L. Sternberger and S. Sternberger, the plaintiffs, and J. A. Magee, their book-keeper, all of them being non-residents. These interrogatories were crossed by counsel for defendants, and forwarded for execution. Only Magee answered. He swore to the correctness of the account; denied any such agreement as that set up by defendants, and also denied that any one was authorized to make any such agreement for the plaintiffs.

In the direct interrogatories, plaintiffs' attorneys asked that a statement of the orders of the defendants be attached to the answers. The witness merely answered that it was impossible at present.

One of the cross-interrogatories, and the answer thereto, was as follows:

"Second cross-interrogatory—To all witnesses : Did you ever receive any communication from defendants complaining that your house had violated its contract by selling the same sort of goods mentioned to others in Greensboro, Ga ? If yea, attach said communication to your answer. Did you not reply to them, promising to rectify the wrong or mistake ? If so, why did you not do it ?

To second cross-interrogatory Magee answers : We never had any complaint from them until after the maturity of this bill, and they had failed to honor our draft therefor. We had sold them bills previously for a period extending over eighteen months or more, and had heard no reference to any agreement or claim that there was such an agreement as they set up, that the goods were not to be sold to other parties. Instead of honoring our draft, they wrote saying they had a claim to make. We, supposing it had reference to damages to a shirt, of small moment, wrote we would allow such claim,—not supposing it amounted to more than a dollar or so. Subsequently to this, probably two weeks, in answer to a letter from us insisting on payment, we received word from them first making this claim. We wrote them that we had no knowledge of such an agreement, and that we positively would not allow it. They then said that the agreement was made at the time of the first purchase, which was over a year before that. We regarded it as a subterfuge to avoid payment of the bill, and gave the matter to our attorney for action."

To the introduction of these interrogatories defendants' counsel objected, because all the witnesses did not answer; because the papers called for in the direct interrogatories were not attached to the answers, and because the letter called for in the second cross-interrogatory was not attached to the answers. The objection was overruled, and the testimony admitted.

Kimbrough, one of the defendants, testified to the contract and the breach thereof, substantially as stated in the plea. He stated that the contract was made in the spring of 1877, with one Davis, as the agent of the plaintiffs, through whom they gave their first order for shirts ; that they did not obligate themselves to buy more shirts after the first lot, nor was anything said about the time for which the contract was to continue, but when the first lot was exhausted, defendants continued to order lots of shirts from plaintiffs; that plaintiffs, in accordance with

this contract, would furnish the defendants circulars with each lot of shirts, which stated that they were sold only by the defendants.

The jury found for plaintiffs.    Defendants moved for a new trial on the following grounds :

(1.) Because the court erred in permitting plaintiffs' counsel to read to the jury, over the objection of defendants' counsel, the interrogatories as stated above.

(2.) Because the court erred in charging the jury that the measure of damages in this case was the difference between the price at which defendants could have sold the goods sued for before the alleged breach of the contract, and the price they were compelled to sell them at in consequence of said breach of the contract ; that the jury should look at the evidence and see if defendants, in consequence of said alleged breach of the contract on the part of plaintiffs, were compelled to take less for the 14 dozen shirts sued for ; if so, how much less.    Such an amount would be the measure of defendants' damages, and is all they can set off or recoup against plaintiffs' claim.    If there are no damages of this kind proved, the jury should find for plaintiffs the full amount sued for, if proved to their satisfaction.

(3.) Because the verdict is contrary to the law and evidence, and strongly and decidedly against the weight of testimony.

The motion was overruled, and defendants excepted.

H. T. & H. G. Lewis;  C. Heard, for plaintiffs in error.

Jas. L. Brown;  Jno. C. Reed, for defendants.

Jackson, Chief Justice.

This was an action on an account for goods sold, to which the defendants sought to recoup the breach of an agreement on the part of plaintiffs not to sell to any other

merchant in Greensboro similar shirts to those sold to them, which the plaintiffs broke, and this breach of contract at the date of sale damaged the defendants three hundred dollars.

The plaintiffs recovered their account in full, and the defendants moved for a new trial, which motion was denied them, and they excepted.

1. The interrogatories were properly read to the jury; because if the letter had been set out in full in answer to the cross-interrogatory, it could not have benefited defendants. It was also not the letter asked for by the cross-interrogatory, and the witness had not such a letter.

We know no law which compels a party to examine all the witnesses he subpœnas, or sues out commissions to examine, even though they all be named in one commission.

The failure to set out in detail what the plaintiffs desired their witness to do in response to their own question, is no reason why the interrogatories should be rejected on motion of defendants; especially as the witness replied that it was then impossible to do so. So that the interrogatories should have been read to the jury.

2. The defendant failed to establish by proof such a contract as that its breach could be recouped. There was no proof how long they were to have the exclusive sale of the shirts in Greensboro, nor a sufficient consideration to support it, nor the authority of the agent to make it when made so as to bind his principals for all goods sold after he ceased to be their agent, and for an indefinite time.

There being no sufficient proof of the contract, the breach of which was the damage to be recouped, the measure of that damage was immaterial, there being nothing to be measured.

3. The verdict is supported by the evidence, and is not contrary to law.

Judgment affirmed.