## HOLDRIDGE vs. CUBBEDGE.

1. Where a ground of a motion for a new trial was that the court refused to give certain requests in charge, and the court stated that he refused these requests because they had previously been given in his charge to the jury, the charge not being in the record, this court will not grant a new trial. All that the court is required to do is to submit fairly and fully the law as applicable to any theory of the case growing out of the testimony. When this is done, he may refuse any request coming from any source, and the parties must be satisfied.

2. There was no error in refusing to give the sixth request, and charging in lieu thereof as the court did.

3. The verdict is supported by the evidence.

October 16, 1883.

Charge of Court. Practice in Supreme Court. Practice in Superior Court. New Trial. Before Judge SIMMONS. Houston Superior Court. April Term, 1883.

Cubbedge sued Holdridge for services in selling a lot for

the latter. Defendant denied liability, and asserted that his connection with the property was only that of an agent, which was known to plaintiff, and that the property had since been sold by the owner himself without the intervention of plaintiff. A trial was had first in the county court, and a judgment was rendered for the plaintiff. The case was carried to the superior court by appeal.

It is only necessary to state that testimony was introduced to show that the property was originally placed in the hands of the real estate agent for sale at $5,000.00, and that ultimately part of it only was sold at $2,500.00.

The court was requested to charge that, " if Holdridge employed plaintiff to sell the entire property for $5,000.00, and he sold only a part of it for $2,500.00, he was not entitled to commissions for the part sold." This was refused ; and instead the court charged, " I charge that if he was employed to sell the whole, and he sold only a part, and Holdridge ratified such sale, and the deed was made under it, then he can recover for the whole part sold."

The jury found for the plaintiff. Defendant moved for a new trial, which was refused, and he excepted.

W. L. GRICE, by brief, for plaintiff in error.

DUNCAN & MILLER, for defendants.

BLANDFORD, Justice.

Defendant in error brought his action against plaintiff in error upon account, and recovered judgment. Defendant moved for a new trial upon several grounds, which was overruled by the court, and defendant excepted, and brings the case here for review.

1. The motion for new trial contains five requests to charge the jury by defendant, and the court says that he refused these requests, because they had previously been given in his charge to the jury. The charge of the court has not been brought up by the plaintiff in error, so that . we are to infer that the court is right ; that these requests

had been given in his charge. The party alleging error must show it by the record. The court was not compelled to give a request in charge to the jury, however manifestly correct, if the same had been fully and fairly given before the request was made. All that the court is required to do is to submit fairly and fully to the jury the law, as applicable to any theory of the case growing out of the testimony. When this is done, he may refuse any request coming from any source, and the parties must be satisfied.

2. There was no error in refusing to give the sixth request, and in lieu thereof charging as he did.

3. The verdict is supported by the evidence, and the new trial should have been refused.

Judgment affirmed.