T. H. ANDERSON, by brief, *contra.*

---

EAST TENN., VA. & GA. RAILWAY CO. *v.* SMITH.

Where an employee of a railroad company brought his action against it, alleging that he was injured by a co-employee's negligence in dropping a bar of iron which they were lifting, and the railroad company defended on the ground that the iron was not negligently dropped by the co-employee, but that its fall was caused by the accidental slipping of his foot, and there being some evidence to sustain this theory, it was error in the court to refuse to give in charge a written request of the defendant that "if the evidence shows that the injury was caused by the accidental slip of the foot or stumble of the witness Seay (the co-employee), then the plaintiff cannot recover."

(a) While as a general proposition, a charge that if the injury was the result of an unavoidable accident the plaintiff could not recover, may have covered the request, the case was a proper one for applying the principle to the specific defence relied upon. *Metropolitan R. Co.* v. *Johnson,* 90 *Ga.* 500, 16 S. E. Rep. 49.

'February 20, 1893.                          *Judgment reversed.*

Before Judge MILNER.    Whitfield superior court. April term, 1892.

William Smith sued the railroad company for damages from personal injuries, and obtained a verdict for $375. The defendant excepted to the overruling of its motion for a new trial.

The petition alleged, in brief, that in December, 1890, the plaintiff and others were engaged in loading iron rails about thirty feet long upon a dump car, and when picking them up from the ground and carrying one of the rails to place it on the car, the car moved and started off, and one of the employees started to catch the car to stop it and in so doing let go the rail, he having hold of the same end with plaintiff, and the weight being more than plaintiff could bear, jerked him upon his knees, inflicting internal injuries. There was testimony for the plaintiff besides his own testimony, tending to support his allegation as to how the injury happened; while it was in evidence for the defendant that the plaintiff declared shortly after the occurrence that it was caused by the slipping of the foot of the employee who had hold of the end of the rail with the plaintiff, as they were walking up an incline.

The motion for a new trial alleges that the verdict is contrary to law and evidence, and that the damages awarded are excessive. It is further assigned as error that the court refused to charge the jury thus: "If the evidence shows that the injury was caused by the accidental slip of the foot or stumble of the witness Seay, then the plaintiff cannot recover at all."

The court charged: "If you find from the evidence that the injury occurred from the result of an unavoidable accident, then the plaintiff would not be entitled to recover." The defendant alleges that this charge was misleading, in that the jury might understand from it that no accident not resulting from the *vis major* or act of God, would suffice as a defence to prevent recovery by plaintiff on the ground of accident.

McCUTCHEN & SHUMATE, for plaintiff in error.
B. Z. HERNDON and W. K. MOORE, *contra*.