### COOPER *v.* THE STATE.

HUTCHESON, Justice. 1. Where the accused made oral statements and a written statement tending to incriminate him, it was not error to admit evidence of an oral statement over objection that the oral statements were merged in the writing, and that the latter constituted the best evidence.

2. The court failed to give in charge to the jury the following, on written request: "Mere presence and participation in the general transaction in which a homicide is committed is not conclusive evidence of consent and concurrence in the perpetration of the crime by a defendant sought to be held responsible for the homicide as aiding and abetting the actual perpetrator, unless such defendant participated in the felonious design of the person killing." *Brooks* v. *State*, 128 *Ga.* 261 (57 S. E. 483, 12 L. R. A. (N. S.) 889) ; *Futch* v. *State*, 137 *Ga.* 75 (72 S. E. 911) ; *Fudge* v. *State*, 148 *Ga.* 149 (2) (95 S. E. 980). It may well be said that the charge of the court, as given, covered in the abstract this rule of law. Yet, after the defendant made his statement to the officers, accounted for his movements, and admitted being in the vicinity at least part of the time in which the crime was being committed, it was harmful error for the judge not to give the entire charge as requested.

3. In the light of the general charge, there was no error in refusing the request to charge as stated in the third special ground of the motion for new trial.         *Judgment reversed. All the Justices concur.*

No. 10450.   MAY 18, 1935.

*F. R. Youngblood,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. B. Spence, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.