### 61072. OUSLEY v. THE STATE.

SOGNIER, Judge.

Ousley was convicted in the Superior Court of Dougherty County of armed robbery. On appeal he contends the trial court erred (1) by failing to charge, on timely written request, that mere presence at the scene, even coupled with flight from authority, is insufficient, without more, for conviction; and (2) by charging the jury in a manner suggesting that the jury must conclude beyond a reasonable doubt that appellant was *not* guilty in order to acquit him of the charge.

1. In regard to the requested charge on mere presence at the scene, the requested charge was a correct statement of the law. *Fleming v. State,* 149 Ga. App. 781 (256 SE2d 56) (1979). However, in the instant case there was far more than "mere presence" and flight from authority. The victim testified that Ousley was the first to attack him, and Ousley hit the victim with the butt of a gun he (Ousley) was carrying. Further, Ousley testified that he produced a gun during the altercation and fired it, and that he knocked the victim down and "kneed" him twice. Ousley also testified that he demanded that the victim give up his money. In short, appellant was an active participant in the robbery and "mere presence" is not a proper description of his role. Under such circumstances the court properly refused the request to charge as it was not applicable to the facts of the case. *Stocks v. State,* 153 Ga. App. 72, 73 (2) (264 SE2d 552) (1980).

2. The court charged the jury, in part, as follows: "On the other hand, he had filed a plea of not guilty. If, upon a consideration of all the evidence in the case you reach the conclusion beyond a reasonable doubt that he is not guilty or if you have reasonable doubt as to his guilt, the form of the verdict would be, 'We, the jury, find the defendant, Herman Ousley, not guilty.' " The excerpt of the charge complained of "is a mere fragment of the charge, and when the complete charge on such subject is considered, no error appears." *Robinson v. State,* 229 Ga. 14, 16 (2) (189 SE2d 53) (1972).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1981.

*J. Clinton Smith, Jr.,* for appellant.
*William S. Lee, District Attorney,* for appellee.