## 74561. WILLIAMS v. THE STATE.
### (360 SE2d 634)

SOGNIER, Judge.

Appellant was convicted of distributing cocaine in violation of the Georgia Controlled Substances Act, and he appeals.

1. In his first two enumerations of error appellant contends the trial court erred by denying his motion for a directed verdict of acquittal, and that the evidence is not sufficient to support the verdict. The evidence disclosed that George Halliburton was working as an undercover agent in Camilla, Georgia, when he met appellant. On April 1, 1986, appellant asked Halliburton to drive him (appellant) to the P & L Grocery in Pelham, Georgia, so he could buy some cocaine. Halliburton agreed, and gave $25 to appellant, telling him it was for a friend of Halliburton's. On arrival at the store appellant went in a rear door while Halliburton waited outside. Appellant returned a few minutes later with two small packets of cocaine, and gave one of them to Halliburton.

Appellant argues that because Halliburton testified at trial that the drug transaction occurred at the P & L Grocery, and in his affidavit to obtain an arrest warrant stated that it occurred at "Mom's Kitchen" in Camilla, appellant's conviction must be set aside. He also argues that the State did not establish the existence of P & L Grocery, because the assistant city clerk of Pelham testified that no business license had been issued for such an establishment, and she had no personal knowledge of such a place although she had lived in Pelham for 43 years. These arguments are without merit.

Halliburton explained the discrepancy between his affidavit and his trial testimony, and despite the testimony of the assistant city clerk of Pelham, other witnesses' description of the grocery store where the drug transaction took place was the same as Halliburton's description, except for the name. He called it the P & L Grocery because that is the name appellant used when he asked for a ride to the store.

The weight of the evidence and credibility of witnesses are questions for the jury, *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985), and this court passes on the sufficiency of the evidence, not its weight. *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d

182) (1982). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant asserts error in the denial of bond pending appeal of his case. The trial court held an evidentiary hearing on appellant's motion for a new trial and his request for supersedeas bond pending appeal. At the conclusion of the hearing the trial court found that the offense which appellant committed was a serious felony and he would be a threat to the community (if released). This finding met the requirements of *Moore v. State*, 151 Ga. App. 413 (260 SE2d 350) (1979) to authorize denial of bond. Hence, there was no error in the trial court's ruling.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*Thomas G. Ledford*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.