## 75155. HOWARD v. THE STATE.

(363 SE2d 621)

Sognier, Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act by possessing, with intent to distribute, cocaine, and he appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that while appellant was driving home he was stopped by the police about 10:00 p.m. after running a red light. Upon learning that there was an outstanding warrant against appellant for probation violation (non-payment of a fine), he was arrested and placed in the back seat of the police car. Appellant agreed to let Roderick Miller, a passenger, take appellant's car to his uncle, but asked one of the police officers to get his (appellant's) cigarettes from the console of his car. As the officer approached the car he saw Miller frantically putting something between the passenger seat and the console. Miller was ordered out of the car and while his identification was being checked the officer reached into the car to get appellant's cigarettes. The officer saw two packets on the floor of the passenger side of the car which he suspected contained cocaine. Miller was arrested, and a search of the car disclosed eight more packets of suspected cocaine stuck between the passenger seat and the console. All of the packets had either "25" or "50" marked on them, indicating that the price was either $25 or $50 per packet. Analysis at the State Crime Laboratory confirmed that the substance in the packets was cocaine.

Appellant testified that he had no knowledge of the cocaine, and although he had been convicted previously for drug offenses, he had not been involved with drugs for several years. Two witnesses for appellant testified that they had been at the home of appellant's uncle with several other men, including the co-defendant, Miller, and saw Miller engage in a drug transaction. Miller denied possession of the drugs, and testified that when appellant saw the police car behind him, he threw the packets of cocaine at Miller and said: "Here, take these drugs. I am going to jail." Miller also testified that he panicked and tried to get rid of the drugs by putting them under the seat and in between the seat and the console. Appellant and Miller both testified that they had not known each other previously, and appellant was taking Miller home at the request of appellant's uncle, who was too drunk to drive.

With the exception of Miller's testimony and the fact that the packets of cocaine were found in appellant's car, there is no evidence to connect appellant with the drugs. Both police officers testified that they observed appellant and Miller from the time appellant ran the red light, and saw no action by appellant indicating that he trans-

ferred the drugs to Miller. Nevertheless, the weight of the evidence and credibility of witnesses are matters for determination by the jury, and this court deals with the sufficiency of the evidence, not its weight. *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634) (1987). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts error in the court's charge to the jury that possession of contraband could be inferred from ownership and control of the automobile in which the contraband was found. Appellant argues that this charge shifted the burden of proof to him by requiring him to testify and deny possession in order to overcome the inference. He also argues that the inference does not apply where other persons had equal access to the car. These arguments are without merit.

Because appellant was the driver of the car in which the contraband was found, an inference was authorized that he had possession of the cocaine. *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985). Thus, the court's charge was a correct statement of the law under the evidence presented. Further, we pointed out in *Robinson* that the equal access doctrine does not apply where the defendants are alleged to have joint constructive possession of the contraband, as was the case here.

In regard to appellant's contention that the charge shifted the burden of persuasion to him, the court charged the jury that the inference as to possession was a rebuttable inference which could be overcome by evidence that had been presented during trial of the case. We have held that a charge couched in similar language (relating to an inference that a person of sound mind and discretion intends the natural and probable consequences of his acts), is permissive, rather than mandatory, and is not burden-shifting. *Parks v. State*, 180 Ga. App. 31, 32 (3) (348 SE2d 481) (1986). Hence, there was no error in the court's charge.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1987.

*Carl P. Greenberg*, for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Linda W. Hunter, Assistant District Attorneys*, for appellee.