## 75758. HOCKMAN v. THE STATE.
### (366 SE2d 824)

SOGNIER, Judge.

Appellant was convicted of aggravated assault, thirteen counts of burglary, misdemeanor theft by receiving, possession of a firearm dur-

ing commission of a crime, attempted burglary and possession of a firearm by a convicted felon. Hockman appeals.

1. In his first two enumerations of error appellant contends the evidence was not sufficient to support his conviction in twelve of the thirteen burglaries, and thus, it was error to deny his motion for a directed verdict of acquittal as to those charges. Stated briefly, the evidence disclosed that during the period from August 5 to September 8, 1986, the homes of the victims in this case were burglarized. In each case the burglary occurred during the daytime while the occupants were absent, and entry was usually gained by breaking out a window, breaking out a window in a door, or breaking down the door itself. In each case the entire home was completely ransacked, and the items taken were similar, such as VCR's, stereos and jewelry. In every case the burglar took pillow cases, apparently used to carry the stolen goods.

On September 8th, Madge Singley was notified by her brother-in-law that a strange van was at her home. Singley went home and a white van was parked by her house. As she drove up a woman came from behind the house with something yellow in her hand. Singley jumped out of her car and asked the woman what she was doing; the woman then hollered: "Get the hell out of there, there's somebody out here." Appellant came running out of the house and told Singley to get out of the way; he then jumped in the van and got a gun. Singley had blocked the van with her car and backed up; she then decided not to let the van get away and pulled up to it again. Appellant then pointed the gun at Singley and told her he would shoot her "if I didn't get the hell out of the way." Singley then backed up, and as she was crossing the driveway saw a police car coming; therefore, she stepped down on the gas and went across her yard, waving to get the attention of the police. Captain Robert Britt was driving the police car and when he saw Singley, he turned around and pursued the van. After a high speed chase for about a mile and a half, the driver (appellant) lost control of the van, hit a curb, blew out two tires and stopped. The woman, later identified as Linda Westfall, jumped out of the van with a gun in her hand and started running toward a wooded area. Appellant jumped out of the other side of the van and also started running toward the woods; however, he stopped when ordered to do so and was apprehended. Westfall was given two orders to stop and drop her gun; after the second order she did so, and was also apprehended. Appellant and Westfall were then taken back to Singley's house, where she identified them positively as the persons who had been at her home, and the persons who drove off in the van. An inventory of the van revealed that property taken from all of the burglaries, including the burglary of Singley's home, was in the van. Several pillow cases were also in the van.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

2. Appellant alleges error in the trial court's charge that the jury could infer that the operator of a motor vehicle is in possession of all property in the motor vehicle. This allegation is without merit. The court did not charge the jury that it *could* infer that the operator of a motor vehicle was in possession of all the property in the vehicle. Rather, the court charged the jury that if it found that a person was the operator of a motor vehicle the jury would be permitted, but not required, to infer that such person was in possession of all the property in the motor vehicle. The court also charged that this was a rebuttable inference.

Because appellant was the driver of the van in which the stolen goods were found, an inference was authorized that he was in possession of the stolen goods. *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985); *Howard v. State*, 185 Ga. App. 215, 216 (2) (363 SE2d 621) (1987). Thus, the court's charge was a correct statement of the law under the evidence presented, and there was no error in the charge. Id.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 3, 1988.

*Samuel H. Harrison*, for appellant.
*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.