## 77605. BREEDLOVE v. THE STATE.
(376 SE2d 222)

BANKE, Presiding Judge.

The appellant was convicted of violating the Georgia Controlled Substances Act by possessing cocaine with intent to distribute it. He contends on appeal that the evidence was insufficient to establish that he was in fact in possession of the contraband in question and that the trial court erred in instructing the jury not to concern themselves about the guilt or innocence of two co-indictees who had pled guilty.

The cocaine was seized from an automobile which was being

driven by the appellant but which was also occupied by four others, three of whom were seated in the back. The police stopped and searched the vehicle based on an informant's tip, and the search resulted in the seizure of seven separate "pieces" or "rocks" of cocaine, weighing a total of 9.3 grams, from atop and under the back seat. All five occupants were charged with possessing this contraband. The two who pled guilty were among the three passengers who had been seated in the back. The remaining defendants, including appellant, were jointly tried and convicted. *Held*:

1. Based on the fact that the cocaine was divided into seven separate "rocks" and on the testimony that the total amount seized was substantially greater than that normally associated with personal use, we hold that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was both aware of the presence of the contraband and constructively in possession of it. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Because the appellant was the driver of the car in which the contraband was found, an inference was authorized that he had possession of the cocaine. *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985). . . . Further, we pointed out in *Robinson* that the equal access doctrine does not apply where the defendants are alleged to have joint constructive possession of the contraband, as was the case here." *Howard v. State*, 185 Ga. App. 215, 216 (2) (363 SE2d 621) (1987).

The fact that two of the occupants had pled guilty to the indictment does not necessarily defeat the inference that the appellant was in joint possession of the contraband with them, absent some indication that they or anyone else had claimed exclusive possession of it. Compare *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983); *Braden v. State*, 135 Ga. App. 827 (219 SE2d 479) (1975).

2. "As for the jury instruction, appellant waived [his] right to complain on appeal when the court asked whether there were any objections to the charge and [his] counsel responded that there were none. *Howard v. State*, 173 Ga. App. 585 (2) (327 SE2d 554) (1985)." *Sharp v. State*, 183 Ga. App. 641, 643 (4) (360 SE2d 50) (1987).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1988 —
REHEARING DENIED DECEMBER 5, 1988.

*Black & Black, Eugene C. Black, Jr.*, for appellant.
*J. Brown Moseley, District Attorney, Robert G. Dunn III, Assistant District Attorney*, for appellee.