A89A0076. WATSON v. THE STATE.
(378 SE2d 378)

BANKE, Presiding Judge.

Watson filed this appeal from the denial of his motion for new trial following his conviction of possessing cocaine in violation of the Georgia Controlled Substances Act.

The Douglasville police chief observed an automobile which was occupied by the appellant and two passengers and became suspicious for the stated reasons that all three occupants appeared unkempt, one of the passengers was pointing in the direction of a pharmacy, and the vehicle was registered in a different county. The vehicle proceeded to the pharmacy, where one of the passengers alighted while the appellant and the other passenger waited inside the car at the curb. Suspecting that the three might be involved in "prescription forgeries," the chief decided to question the occupants and radioed for assistance. The passenger returned to the car, whereupon the appellant began to drive away but was stopped shortly thereafter by the chief. The appellant exited the car and at the officer's request produced a driver's license, but was unable to provide proof of insurance. He explained that he had borrowed the car from his ex-wife and had been "living" in it during the previous four or five days. The appellant thereupon consented to a search of the vehicle. This search resulted in the seizure of a syringe, some razor blades and a bottle of manitol (a substance used to "cut" cocaine) from the back seat. The keys were then removed from the ignition, and the trunk was unlocked and searched. This search resulted in the seizure of a green box containing a set of scales, some razor blades and some cocaine residue from among items of clothing which were shown to belong to the appellant. *Held:*

1. The appellant contends that the stop of the vehicle was not supported by probable cause and that the trial court consequently erred in admitting the fruits of the search. Pretermitting whether the stop of the vehicle was lawful, the appellant may not now challenge the admissibility of the contraband since it was received in evidence without any objection on his part, either prior to or during the trial. See generally *Smith v. State,* 186 Ga. App. 303 (5) (367 SE2d 573) (1988).

2. The appellant asserts that the evidence was insufficient to es-

tablish that the contraband was in his possession because it was shown that the car was not his and that other people had access to the trunk. We disagree. Absent any evidence to the contrary, the fact that the appellant was in possession of the vehicle at the time it was stopped would be sufficient in and of itself to support an inference that he was in possession of its contents. Accord *Breedlove v. State*, 189 Ga. App. 527 (376 SE2d 222) (1988); *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985).

The jury received a full and correct charge on the issue of equal access. Although there was evidence that others might have had access to the car keys, it was shown that the appellant had been in exclusive possession of the vehicle during the four days prior to the seizure and that he was merely providing transportation for the other occupants. Moreover, the contraband in question was seized from a locked trunk and was found among the appellant's personal belongings. "The totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to the drugs. [Cits.]" *Pamplin v. State*, 164 Ga. App. 610, 611 (1) (298 SE2d 622) (1982).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 30, 1989.

*Alden W. Snead*, for appellant.
*Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.