### A89A0007. JONES v. THE STATE.
(380 SE2d 85)

SOGNIER, Judge.

Jerry Jones was convicted of violating the Georgia Controlled Substances Act (possession of cocaine with intent to distribute) and he appeals.

Appellant contends the evidence was insufficient to support his conviction, specifically in that the State failed to prove appellant ever had possession of the contraband. At trial Officer Marvin Taylor of the Moultrie Police Department testified that while he was out patrolling an area of high drug activity, he spotted appellant in the company of J. T. Wiley. Having information that Wiley was in possession of drugs, Officer Taylor exited the patrol car and obtained Wiley's permission to perform a pat down search of his person. No contraband being found on Wiley, Officer Taylor started to walk away when, based on the officer's knowledge of appellant, he stated to appellant that because he believed Wiley had passed the drugs to appellant, he (Officer Taylor) wanted to pat down appellant. Appellant ran and Officer Taylor pursued him, observing appellant reach into a right pants pocket and pull out what appeared to be a brown plastic bottle, which appellant clamped in his fist. The officer lost sight of appellant for a brief period of time when appellant ran behind an apartment building that fronted 1st Avenue, but when the officer rounded the corner of the building he saw that appellant had already circled the building and was ready to cross 1st Avenue. At that time the backup Officer

Taylor had called, arrived and stopped appellant, who was then placed under arrest for disorderly conduct. No drugs or brown plastic bottles were found on appellant. Investigator Chet Powell of the Colquitt County drug squad testified that shortly after appellant was arrested, he and Sergeant Jimmy Jackson followed the route taken by appellant, as detailed by Officer Taylor, and that on the narrow path between the apartment building and the adjacent house, he (Powell) observed fresh scuff marks where someone had abruptly stopped or fallen near the edge of the house. Powell testified he stopped at this point, bent over and discovered a brown prescription type plastic bottle lying under the support of the house, apparently jammed under the edge of the dirt "as if it were shoved in there." Investigator Powell testified that the bottle's position looked intentional, as though it had been carefully placed next to the support. Sgt. Jackson testified that the scuff marks were "very fresh" and that "[t]he dirt [on the path] was all done like somebody had slid in there." The bottle found by the officers was determined to contain 51 pieces of rock cocaine or "crack."

Although, as appellant argues, Officer Taylor did not see appellant with the drugs and did not see appellant enter the pathway where the contraband was discovered, viewing the evidence in the light most favorable to the verdict, the jury was authorized to find that the brown bottle Officer Taylor saw in appellant's hand was the bottle containing the contraband, that appellant had the bottle at the time he ran behind the apartment building, and that appellant hid the contraband under the house and consequently did not have the bottle on his person when he was arrested by police. The evidence set forth was thus sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of violating the Georgia Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 184 Ga. App. 68, 69 (1) (360 SE2d 634) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1989.

*Short & Fowler, Lester M. Castellow*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.