## A89A0507. BRUCE v. THE STATE.
(382 SE2d 367)

BANKE, Presiding Judge.

Appellant Bruce was stopped by a Georgia state trooper on I-95 in Glynn County, Georgia, for doing 65 m.p.h. in a 55-m.p.h. zone. After asking to see the appellant's driver's license and vehicle registration, the trooper determined that the car was a rental vehicle and that, although it had been rented to an individual named Natasha Wright (who was not present), the appellant was listed on the rental agreement as an additional driver. The trooper testified that he originally intended merely to give the appellant a warning ticket but, because the appellant seemed overly "talkative," decided first to question a passenger who was present in the vehicle to confirm certain information the appellant had offered regarding the nature and purpose of their travels. Both men indicated that they were returning to the Washington, D. C., area from Miami; however, the appellant insisted that they had driven to Miami, while the passenger maintained that they had flown there.

His suspicions thus heightened, the trooper asked the appellant and the passenger if they would have any objection if he "looked in the car." Both responded in the negative and then acceded to his request that they wait in the back of the patrol car while he did so. While the trooper acknowledged that it would not have been possible for the men to open the back doors of the patrol car from the inside, he testified that he assured them that they were not under arrest and left the window "cracked" so they could let him know if they needed anything.

After first searching the passenger compartment of the vehicle without discovering or detecting any contraband, the trooper opened the trunk and began a search of its contents. Immediately upon doing so, he detected an odor of marijuana and soon thereafter found a package containing approximately 2,000 grams of cocaine located inside a brown shopping bag on the floor of the trunk. He then discovered approximately nine pounds of marijuana enclosed inside one of the luggage bags in the trunk. On the basis of these discoveries, the appellant and the passenger were jointly indicted and tried for trafficking in cocaine and possession of marijuana with intent to distribute. They were both acquitted on the cocaine charge and were found guilty merely of simple possession on the marijuana charge.

The appellant filed this appeal from the denial of his motion for new trial. *Held*:

1. Given the appellant's status as the authorized driver of the vehicle, a rational trier of fact could reasonably have concluded beyond a reasonable doubt that he was in knowing possession of the contraband seized from the trunk. See *Robinson v. State*, 175 Ga. App. 769 (2) (334 SE2d 358) (1985); *Breedlove v. State*, 189 Ga. App. 527 (1) (376 SE2d 222) (1988); *Watson v. State*, 190 Ga. App. 96 (378 SE2d 378) (1989).

2. It would appear to be undisputed that the trooper lacked probable cause to search the vehicle and that the validity of the search is therefore dependent on whether the appellant freely and voluntarily consented to it. The appellant contends that the search exceeded the scope of his consent and that the contraband should consequently have been suppressed, arguing that his statement to the trooper that he would have no objection if the trooper "looked in the car" could not reasonably be considered an expression of consent to a search of the vehicle's trunk. However, during the trial of the case, the appellant freely acknowledged that he had intended to give the trooper permission to search the trunk, testifying as follows: "I did not know anything about the drugs were in there, and . . . if I did I would not have gave [the trooper] the chance to even go in the trunk. I would have talked even more or maybe [told] him, no, sir, you couldn't go in there, but . . . I said go right on in. I did not hesitate, I said, sure, go right in."

The question of whether or not a defendant freely consented to a search is determined by reference to the totality of the circumstances, and there is no per se rule requiring the suppression of the fruits of a consent search conducted while the defendant is being held pursuant to an unlawful arrest. *Thompson v. State*, 248 Ga. 343 (285 SE2d 685) (1981). Cf. *Raney v. State*, 186 Ga. App. 758 (368 SE2d 528) (1988). Moreover, in reviewing the denial of a motion to suppress, "this court can consider all relevant evidence introduced at a pretrial hearing, an appropriate post-trial hearing, or at trial." *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988), citing *Sanders v. State*, 235 Ga. 425, 431-2 (219 SE2d 768) (1975).

Even assuming for the purpose of argument that the appellant was unlawfully confined in the back of the patrol car at the time the search was conducted, we must conclude on the basis of his trial testimony that he consented to the search freely and voluntarily. We accordingly hold that the court did not err in denying his motion to suppress.

3. The appellant contends that the trial court erred in refusing to instruct the jury on his "defense" that mere presence at the scene of a crime is insufficient to establish guilt. "Mere presence at the scene of

the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged." *Muhammad v. State*, 243 Ga. 404, 406 (254 SE2d 356) (1979). The trial court gave a full and correct charge on the presumption of innocence and on the requirement that the state prove each and every element of the offenses charged, including the element of criminal intent, beyond a reasonable doubt. Moreover, the court's instructions with reference to the offense of criminal possession left no doubt that such possession must be knowing in order to be culpable. The state was by no means relying on the appellant's mere presence at the scene to establish his guilt; and the trial court did not err, under the circumstances, in refusing to give the requested charges. Accord *Muhammad v. State*, supra; *Ousley v. State*, 158 Ga. App. 186 (279 SE2d 490) (1981). Compare *Cooper v. State*, 180 Ga. 612 (180 SE 103) (1935).

4. Nor did the trial court err in refusing to charge on the doctrine of equal access. "[T]he equal access doctrine does not apply where the defendants are alleged to have joint . . . possession of the contraband, as was the case here." *Howard v. State*, 185 Ga. App. 215, 216 (363 SE2d 621) (1987), citing *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985). Although the appellant contends on appeal that the individual in whose name the vehicle had been rented might have placed the contraband in the trunk, there was no indication that this individual ever had access to the vehicle.

5. The appellant contends that the trial court erred in failing to charge on the weight to be given evidence of good character. However, although the appellant presented a number of character witnesses, he failed to request such a charge. "While the good character of an accused person is a substantive fact, and evidence of such character should be weighed and considered by the jury in connection with all the other evidence in the case, still such good character of the accused is not a distinct substantive defense. A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. [Cit.]" *Scott v. State*, 137 Ga. 337 (3) (73 SE 575) (1911). Accord *Spear v. State*, 230 Ga. 74, 76 (195 SE2d 397) (1973). Finding nothing exceptional about the circumstances of this case, we find this enumeration of error to be without merit.

6. The trial court did not err in refusing to give the appellant's requested charge that a conviction on circumstantial evidence would be warranted only if the evidence excluded every reasonable hypothe-

sis save that of the guilt of the accused. See generally OCGA § 24-4-6. "Such a charge is required only when the evidence relied on for conviction is entirely circumstantial. [Cit.]" *Todd v. State*, 184 Ga. App. 750, 752 (4) (362 SE2d 400) (1987). The evidence against the appellant in this case was not entirely circumstantial, inasmuch as it was shown by direct evidence that he was in actual physical possession and control of the vehicle from which the contraband was seized.

7. "Although the trial court may have failed to consider appellant's motion for appeal bond under the standards in *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1978), the issue is moot because we affirm the conviction." *Lawson v. State*, 242 Ga. 744, 745 (2) (251 SE2d 304) (1978).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 1, 1989 —
REHEARING DENIED MAY 17, 1989.

Lane & Tucker, Alan D. Tucker, Robert L. Crowe, for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.