## A89A0774. WILLIAMS v. THE STATE.
### (384 SE2d 877)

BENHAM, Judge.

A jury convicted appellant of burglary. He appeals from the denial of his motion for new trial. Finding no error, we affirm the judgment of conviction.

1. Appellant challenges the sufficiency of the evidence against him. The record shows that a neighbor of the victim identified appellant as the man she saw lying on the ground outside her condominium. The neighbor became suspicious and called the police, who apprehended appellant and another man as they fled from the area. Upon his arrest, appellant was found to have a ring in his mouth, and the victim identified as items taken from her home the ring and a gym bag appellant's co-indictee had dropped when he saw the police. The victim testified that she thought they had entered her home through the locked back door leading to her patio, and that appellant's entry into her home was not authorized. Appellant denied having committed the burglary. His co-indictee testified that he and appellant broke into the victim's home by breaking a window. The evidence was sufficient for a jury to find appellant guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hockman v. State*, 186 Ga. App. 190 (1) (366 SE2d 824) (1988).

2. Appellant contends that he was tried and convicted without the assistance of counsel and that he did not waive his right to counsel. We disagree. *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981),

sets out the constitutional parameters for waiver of counsel. " 'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' [Cit.] . . . [T]he trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. . . . [A] strict standard must be applied to waiver of counsel . . . and that constitutional waiver requires more than a comprehension of rights. There must also be a relinquishment of rights." Id. at 196.

The record shows that appellant was initially represented by appointed counsel, the chief public defender, but that at the beginning of trial, appellant expressed to the trial court that he did not feel his attorney was acting in his best interest, and asked the court for another public defender or some time to hire a private attorney. After discussion, the trial court told appellant that he could proceed to trial with the public defender or he could represent himself, and that he had the right to an attorney but not an attorney of his choosing. Appellant's attorney mentioned that appellant had been represented previously in the case by one of the assistant public defenders, but that she had been replaced by the chief public defender because appellant had been abusive to her. During the State's case-in-chief, appellant again expressed to the court his desire to represent himself and said, "[I]f I'm going to get a fair trial I feel that I should represent myself. . . ." The trial court asked appellant if he wanted to ask his own questions and let the public defender sit with him so he could ask the attorney about "any legalities that he wants to." The court further asked appellant, "Is that what you want to do?" and appellant said yes. The trial court told appellant that his attorney was excellent and that it thought appellant was making a mistake, but that he had a right to self-representation and if he wanted to ask his own questions the court would let him do so. The court further reminded appellant that he was not trained in the law. Appellant said he understood that but would rather ask the questions himself. The trial court advised appellant that he "should not do that" and asked again if that was what he wanted to do, and appellant answered affirmatively. The trial court allowed appellant to proceed with the public defender at counsel table with appellant, and the record shows that the attorney did advise appellant on points of law and procedure.

We find no error on the ground asserted. "The record shows with convincing clarity that the defendant knowingly, understandingly and voluntarily waived the right of representation by counsel. [Cit.]" *Tucker v. State*, 173 Ga. App. 742 (2) (327 SE2d 852) (1985). "In an effort to protect [appellant's] rights, the trial court appointed [an] at-

torney when requested by the accused; the . . . attorney discussed the case with [appellant], and was asked by the court to assist him in his self-representation. . . . [Appellant] made a decision to represent himself in this case. . . . This is not a case where a defendant stood trial alone with no assistance or protection of his rights. . . . Under the circumstances of this particular case, we find no error requiring a reversal of the conviction. . . ." *Clarke*, supra at 196-197. Appellant's choice was made after he was made aware of his right to counsel and the dangers of proceeding without counsel. Id.

3. We reject appellant's claim of ineffective assistance of counsel at trial. "When a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel." *Mullins v. Lavoie*, 249 Ga. 411, 412-413 (290 SE2d 472) (1982).

4. Appellant argues that the trial court erred in allowing his co-indictee to testify through an interpreter. His contention that there was no showing on the record that the witness needed an interpreter has no merit. We do not find that a specific objection was made on that issue, although the use of a translator was discussed. Assuming that the issue was properly raised, the record is clear that the witness, Kraiporn Dominic Supyen, was from Thailand and Thai is his native language. In an objection to Supyen's testimony, appellant admitted that "Mr. Supyen can't speak English." The record further shows that he only "understands some English." Under those circumstances, the use of an interpreter was not error.

5. Appellant's contention that the State failed to reveal to the jury that appellant's co-indictee testified against appellant in exchange for a favorable sentencing recommendation by the State is not meritorious. It is true that the State is "under a duty to reveal any agreement, even an informal one, with a witness concerning criminal charges pending against that witness," and a failure to make such a disclosure is a due process violation. *Jolley v. State*, 254 Ga. 624 (5) (331 SE2d 516) (1985). "In order for there to be a reversal, however, there must be evidence that such information existed at or before trial, and that such information was actually withheld. [Cits.]" *Potts v. State*, 241 Ga. 67 (2) (243 SE2d 510) (1978). The record shows that at trial, the co-indictee testified that he had entered a guilty plea on the burglary charge that day and that no one threatened him or promised him anything in any way to get him to enter that plea; when appellant asked his co-indictee whether he had been told he would get probation or a lighter sentence in exchange for his testimony, the co-indictee said no. It is also clear that no recommendation for sentencing had been made at the time the testimony was given. In the

absence of evidence that an agreement had been made at the time of trial, we find that there was nothing to be revealed, and so no error occurred.

6. During the State's case-in-chief, an officer testified that after appellant was arrested and read his *Miranda* rights, he told the officer that "he wanted to talk about [the burglary], to give it up, that he had some 50 other burglaries to give —" Appellant objected to the reference to the other burglaries, and the trial court instructed the jury not to consider the reference as evidence against appellant on the crimes for which he was being tried. Appellant contends that the reference to the other crimes placed his character in issue. We disagree. " ' "It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. (Cits.)" ' " *Gaily v. State*, 181 Ga. App. 906 (4) (354 SE2d 442) (1987). No error occurred.

7. Appellant complains that the trial court committed reversible error when it charged the jury that "[w]itnesses are presumed to speak the truth unless impeached in some manner provided by law." Appellant seeks to have this court conclude that the charge is unconstitutional. We decline to do so. The United States Supreme Court has held that the charge is not unconstitutionally burden-shifting, and the Georgia Supreme Court has held that, while it "can be misleading and is of little positive value . . . [and its use should] be discontinued," the charge is constitutional. *Noggle v. State*, 256 Ga. 383 (4) (349 SE2d 175) (1986). Its use in this case did not form the basis for reversible error.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1989 —
REHEARING DENIED JULY 14, 1989 — ▮▮▮▮▮▮▮▮▮▮

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Robert E. Wilson, District Attorney, Eleni A. Pryles, James W. Richter, Assistant District Attorneys*, for appellee.