A89A1246. ASKEW v. THE STATE.
A89A1265. LANGSTON v. THE STATE.
(385 SE2d 21)

BANKE, Presiding Judge.

While appellant Askew was operating a motor vehicle in the company of appellant Langston, he was stopped by police for running a red light. Following a brief period of questioning and investigation, Askew was thereupon arrested for running the red light, driving without a license, driving without proof of insurance, and operating an improperly equipped motor vehicle. Thereafter, a plastic bag containing several packets of cocaine was observed on the floor of the vehicle in front of the front passenger seat, where Langston had been sitting. Upon seizing this contraband, the officers also discovered a loaded firearm beneath the front passenger seat. Based upon these discoveries, both appellants were charged with possession of cocaine and possession of a firearm during the commission of a felony. At the conclusion of a joint trial, the state withdrew the firearm possession charge, requesting that it be nolle prossed. Both appellants were thereafter found guilty of possessing cocaine in violation of the Georgia Controlled Substances Act. Appellant Askew was additionally found guilty of each of the four traffic charges which had been brought against him. These appeals followed. *Held*:

1. The appellants contend that the trial court erred in allowing the state to call four witnesses whose names had not appeared on the list of witnesses provided by the state. These witnesses included the forensic chemist from the State Crime Laboratory who had analyzed the cocaine, plus three "chain-of-custody" witnesses.

Of the two appellants, only Langston had filed a pre-trial demand for a list of witnesses pursuant to OCGA § 17-7-110. Thus, appellant Askew has no basis upon which to complain of the use of these unlisted witnesses. See generally *Jackson v. State*, 235 Ga. 857 (221 SE2d 605) (1976). It is, in any event, apparent that the failure to list these witnesses resulted in no prejudice to either of the appellants. At the time of their arraignment, both appellants were presented with a copy of the crime lab report stating the results of the chemical analysis of the cocaine; and this report disclosed both the identity and the involvement not only of the crime lab expert but also of two of the three chain-of-custody witnesses. As for the third chain-of-custody witness—a file clerk at the police station who had logged the contraband into the evidence room—the trial court allowed the appellants an opportunity to interview her before she took the stand. It has not been suggested how the purpose of the Code section has been contravened under these circumstances, nor have the appellants indicated what they might have done differently had they been given additional time to prepare for the testimony of these wit-

nesses. Consequently, we find this enumeration of error to be without merit. Accord *Newman v. State*, 237 Ga. 376 (3), 382 (228 SE2d 790) (1976); *Huff v. State*, 141 Ga. App. 66 (1) (232 SE2d 403) (1977); *Rutledge v. State*, 152 Ga. App. 755 (1) (a) (264 SE2d 244) (1979).

2. Appellant Askew contends that because the cocaine was seized from the passenger side of the vehicle, where appellant Langston had been sitting, there was no evidentiary basis for an inference that he, as opposed to Langston, had been in possession of it. This contention is also without merit.

" 'Because the appellant was the driver of the car in which the contraband was found, an inference was authorized that he had possession of the cocaine. *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985). . . . Further, we pointed out in *Robinson* that the equal access doctrine does not apply where the defendants are alleged to have joint constructive possession of the contraband, as was the case here.' *Howard v. State*, 185 Ga. App. 215, 216 (2) (363 SE2d 621) (1987)." *Breedlove v. State*, 189 Ga. App. 527, 528 (376 SE2d 222) (1988). The appellant's reliance on *In the Interest of C. A. A.*, 187 Ga. App. 691 (371 SE2d 247) (1988), is misplaced, as the appellant in that case was not shown to have been in "complete control and possession" of the vehicle, but had merely been a passenger therein. In the present case, it appears without dispute both that the appellant was driving the vehicle and that he claimed ownership of it. Viewed in conjunction with the evidence that the cocaine was exposed to view on the floor of the vehicle and that it had been parceled out into seven small plastic bags, this evidence was amply sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt not only that the appellant was aware of the presence of the cocaine in the vehicle but also that he was in joint possession of it with Langston.

3. Under the circumstances, the trial court did not err in charging the jury that it is permissible to infer that the owner of a vehicle is in possession of the property contained therein, provided that such an inference may be overcome by evidence that others had access to the vehicle. See generally *Robinson v. State*, supra, 175 Ga. App. at 772.

4. The appellant contends that the trial court erred in refusing to reinstruct the jury on the equal access doctrine after having reinstructed them at their request, on the law regarding actual and constructive possession. As the trial court received a negative response from the jury upon asking them, at the completion of the recharge, whether they desired any additional instructions, this enumeration of error is without merit. See *Taylor v. State*, 174 Ga. App. 900 (6) (331 SE2d 920) (1985).

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 14, 1989.

*William H. Newton III*, for appellant (case no. A89A1246).
*Steve Bennett*, for appellant (case no. A89A1265).
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District 'Attorney*, for appellee.