## A90A2138. GOSSETT v. THE STATE.

(404 SE2d 595)

POPE, Judge.

Defendant Kurtis Lee Gossett appeals his conviction for trafficking in cocaine. The evidence shows defendant was a passenger in an automobile traveling north on Interstate 75 when the car was pulled over by a patrolman. In the trunk of the car the patrolman discovered a white powdery substance, later identified as 238.2 grams of cocaine, concealed inside the lining of an ice chest.

1. (a) Defendant argues the trial court erred in denying his motion to suppress the evidence seized from the trunk of the car. First, he argues the stop was illegal because it was merely pretextual and based only upon an improper use of the drug courier profile. To the contrary, the arresting officer testified he observed the car cross the "centerline" several times. (Because the road was an interstate highway, we presume he meant either the line separating lanes in the northbound section of the highway or else the line defining the inside emergency lane.) The car was also travelling over ten miles below the maximum speed limit in the left-most lane but would not yield the lane to the officer even though he came upon the car and then followed behind it for approximately two miles. Thus the driver was violating OCGA § 40-6-184 (a) (2), which prohibits traveling in the left-most lane at less than the maximum speed limit when the driver knows or reasonably should know that he is being overtaken by another vehicle. The patrolman testified he pulled the vehicle over to investigate the traffic violation because he thought the driver might be sleepy or intoxicated. The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense. O'Keefe v. State 189 Ga. App. 519 (1) (376 SE2d 406) (1988); see also Hartley v. State 159 Ga. App. 157 (1) (282 SE2d 684) (1981). We note, moreover, that no evidence was presented at the suppression hearing that the officer was trained in or even considered the drug courier profile. Cf. Brown v. State, 188 Ga. App. 184 (372 SE2d 514) (1988). The stop was not illegal.

(b) Defendant next argues the consent he gave to the patrolman to look in the car was invalid and could not be the basis for a warrantless search. The evidence presented at the suppression hearing showed the car was leased in the name of an individual who was not in the car and a check conducted by the patrolman revealed the return of the car was overdue. The patrolman became suspicious when the driver and the two passengers gave inconsistent information about the purpose of their trip and the city in Florida they had just visited. The driver said he did not know the individual who had leased the car but defendant claimed he was a friend of the man. For this reason, he asked defendant for permission "to look in" the car

and defendant consented. Prior to asking for defendant's permission, he asked defendant if he was transporting contraband and defendant stated he was not.

A third party's authority to consent to a warrantless search of another person's property rests upon factors such as mutual use of the property, " 'common authority over [the property] or some other sufficient relationship to the [property] to be inspected. [Cits.]' [Cit.]" *Browning v. State*, 176 Ga. App. 420, 422 (336 SE2d 41) (1985). See also *Atkins v. State*, 173 Ga. App. 9 (2) (325 SE2d 388) (1984). Under the factual circumstances of this case, we hold the defendant had sufficient authority to consent to the search of the vehicle even though he was not the owner or lessor; it was reasonable for the patrolman to assume the owner had given him permission to use the vehicle. Moreover, if, as defendant argues, he did not have a sufficient property interest in the vehicle to authorize a search of it, then he did not have an interest protected by the Fourth Amendment and the search was not objectionable as to him. See *Pupo v. State*, 187 Ga. App. 765 (5) (371 SE2d 219) (1988).

(c) Finally, relying upon this court's holding in *State v. Diaz*, 191 Ga. App. 830 (2) (383 SE2d 195) (1989), defendant argues the patrolman exceeded the scope of defendant's consent "to look in" the car when he took apart an ice chest located in the trunk. The facts of this case are materially distinguishable from those in *Diaz* because there the officer, who merely asked for permission "to look inside" the car, gave no indication of the purpose of his investigation. In fact, in *Diaz*, the defendant testified he thought the officer, who had given him a field test for DUI, only wanted to see if anyone else was inside his vehicle, a panelled van with no side windows. Here, by contrast, the patrolman had already asked the defendant if he was transporting contraband. Thus, unlike the facts in *Diaz*, the officer had given defendant an indication of the purpose of his proposed investigation. We need not address defendant's argument that the search was an improper search incident to arrest or an improper inventory search since the testimony at the suppression hearing clearly established that the search was conducted only in reliance upon defendant's consent.

2. Defendant also argues the trial court erred in failing to grant his motion for a continuance because at the commencement of the trial the State announced it would call a witness it had not previously listed in response to defendant's demand. The witness was the forensic chemist who had signed the crime lab report stating the result of the chemical analysis of the substance seized at the time of defendant's arrest. A copy of this report had been served upon defendant prior to trial. As this court has already held in *Askew v. State*, 192 Ga. App. 351 (1) (385 SE2d 21) (1989), when the identity and involve-

ment of a witness is otherwise disclosed to defendant in discovery provided to him by the State, the purpose of OCGA § 17-7-110 is duly served and no error lies in permitting the State to call such a witness even though he or she was not listed as a witness in response to a demand pursuant to said statute. Moreover, in this case the record shows after the State disclosed its intent to call the witness, a recess in proceedings was taken between the early afternoon of the day the jury was struck and the following morning when the presentation of evidence commenced, so not only did the defendant have prior notice of the identity and involvement of the witness but also had an opportunity to interview the witness after the trial commenced. This enumeration has no merit.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 1, 1991 —
REHEARING DENIED MARCH 26, 1991 —

*Sonya J. Calhoun*, for appellant.
*Edward D. Lukemire, District Attorney, Robert E. Turner, Assistant District Attorney*, for appellee.