## A94A0592. DACUS v. THE STATE.
### (444 SE2d 110)

McMurray, Presiding Judge.

Defendant Dacus was charged by indictment in Forsyth County with four counts of rape, and one count each of aggravated child molestation, aggravated sodomy, and child molestation. The alleged victim in each count was the same young woman, who was 15 years of age at the time of trial.

The jury returned a verdict of not guilty as to each of the rape charges and of guilty to each of the remaining charges. Defendant appeals his conviction of the offenses of aggravated child molestation, aggravated sodomy, and child molestation. *Held:*

1. Prior to trial, the State provided defendant notice of its intention to introduce evidence of certain similar transactions pursuant to Uniform Superior Court Rule 31.3. The notice, as to one such similar transaction, incorporated a copy of a Dawson County indictment charging defendant with the offense of rape during January 1991, and against the same victim as in these Forsyth County offenses on appeal.

A hearing was held pursuant to Uniform Superior Court Rule 31.3 (B) and the State was held to have made the three affirmative showings required under *Williams v. State,* 261 Ga. 640 (409 SE2d 649) as a prerequisite to the introduction of the similar transaction evidence. The State's showing on the similarity issue was that the Dawson County offense was of the same nature, against the same victim, and in the same "time frame" as the offenses charged in the Forsyth County indictment.

The victim's testimony was that the Dawson County rape had occurred in February 1991, on a Monday she had stayed home from school. Defendant moved for a mistrial arguing that he had received no notice of a February similar transaction and made an offer of proof that he was prepared to show by school system records that the victim was not absent from school on any Monday of January 1991. The motion for mistrial was denied and defendant enumerates as error the admission of the "unnoticed similar transaction" evidence.

The dates alleged in the Dawson County indictment were not es-

sential averments and therefore that indictment covers any offense of the nature charged within the period of limitation. *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58). Defendant has assumed that this black letter principle is altered by the incorporation of the indictment into the similar transaction notice. We find no authority for this assumption and do not agree. The defendant is presumed to know the law and consequently must be charged with knowledge of the basic rules governing construction of indictments. We note that defendant, who was entitled under Uniform Superior Court Rule 31.3 (B) to notice of the date of the similar offense, made no objection to the form of the notice or lack of specificity concerning the date. There was no failure to provide defendant with notice as to the similar transaction at issue.

2. Defendant's second enumeration of error contends that it was error to permit witness Dorsey to testify regarding a similar transaction. The State notified defendant as to the existence of this witness in a notice of similar transactions on June 5, 1992, or ten days prior to trial. This notice stated that the State was making every effort to locate the witnesses noted therein and would notify defendant of their addresses and telephone numbers immediately upon locating the witnesses. Defendant was provided an additional witness list containing the address and telephone number of witness Dorsey before voir dire on June 15, 1992. Defendant's motion for a continuance based on this additional service relative to a similar transaction witness who had not previously been fully identified was denied. Dorsey was not called to testify until June 19, 1992, and defendant was granted an opportunity to interview the witness prior to her testimony.

On appeal, defendant's argument is limited to the suggestion that the State violated OCGA § 17-7-110 and much reliance is placed on the recent decision of *Bentley v. State*, 210 Ga. App. 862 (438 SE2d 110). Defendant's focus is directed entirely to the additional witness list provided on June 15, 1992, and does not acknowledge the effect of the June 5, 1992, notice of similar transactions. The purpose of OCGA § 17-7-110 was satisfied by the service a reasonable time before trial of the notice of similar transactions which provided defendant with the identity of Dorsey and a brief synopsis of the testimony anticipated from this witness. *Gossett v. State*, 199 Ga. App. 286, 287 (2) (404 SE2d 595); *Askew v. State*, 192 Ga. App. 351 (1) (385 SE2d 21). The trial court did not err in denying defendant's motion for continuance and in permitting Dorsey to testify at trial.

3. The remaining enumeration of error contends that there was a fatal variance between the allegata and probata in regard to the three counts of the indictment of which defendant was convicted. Defendant's general contention is not supported by reference to any specific variance. After carefully examining the transcript and record, we find

no factual support for defendant's contention. The State has proven the crimes as alleged in the indictment and has proven that the crimes were committed within the time periods stated in the indictment. There being no variance between the allegata and probata, we hold that this enumeration of error is without merit.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 28, 1994 —
RECONSIDERATION DENIED MAY 10, 1994 —

*Banks & Stubbs, Rafe Banks III,* for appellant.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney,* for appellee.